McKee *v.* Whitten et ux.

ROBERT McKEE *vs.* JOHN A. WHITTEN et ux.

Where a question has been once adjudicated by the probate court, a suit will not lie in the circuit court for the same cause of action. *Held*, that the first judgment or decree will be regarded as final until reversed by the proper tribunal.

The judgment as to the security is void, and does not affect the judgment which the court below had power to render against the plaintiff.

In error from the circuit court of Panola county; Hon. Hugh R. Miller, judge.

This was an action instituted in the circuit court of Panola county, by the plaintiff, (McKee,) to recover of the defendants the sum of $375 for board, washing, clothing, tuition, &c., furnished one of the defendants, Martha E. Whitten, whilst she was a minor, and before her marriage with John A. Whitten, the other defendant. The defendants set up a decree of the probate court as a bar to the cause of action, in which the same subject-matter had been once adjudicated. To this defence the plaintiff demurred, which was sustained by the court below. The case comes before the court on this state of the pleadings by writ of error.

*C. Miller,* for plaintiff in error.

*J. W. C. Watson,* for defendants in error, cited 5 S. & M. 130; Hutch. Code, 505, § 131; 1 How. 53; North on Prob. 268, § 10, and note.

Mr. Justice Fisher delivered the opinion of the court.

The plaintiff in error brought an action in the circuit court of Panola county, to recover a sum of money alleged to be due him for board, clothing, and tuition, of Martha E. Whitten, wife of the defendant, John A. Whitten, while she was a minor, and while the plaintiff was her guardian. The answer shows that the account sued on, was presented by the plaintiff to the probate court of said county on his final settlement as guardian, and that a decree of said court was then made settling said account in full. This judgment is insisted on in the answer as a bar to the present action.

The replication to the answer admits that the account was presented to the probate court, on the final settlement of the guardian, but denies that there was any decree rendered settling the same. The replication further states, that the account was

rejected by the probate court, because there was no previous order of the court, allowing the guardian to make the same.

To this replication the defendants filed a demurrer, which was sustained by the court; and the question for our decision arises upon this judgment of the court below. The replication certainly shows an adjudication of·the subject-matter of the suit, by the probate court. It is true, the adjudication was different from that alleged in the answer; but it was nevertheless an adjudication of the question, and must be regarded as final till reversed by the proper tribunal.

It is next insisted, that the court erred in rendering a judgment against the plaintiff and the security for costs. The judgment, as to the security, is absolutely void; and therefore does not affect the judgment which the court had power to render against the plaintiff. The judgment as to the security cannot be enforced, and indeed he is no party to the writ of error to revise it.

Judgment affirmed.